UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ANDREW P. FLOOD,                )
                                )
    Plaintiff                   )
                                )
v.                              )   1:11-cv-303-DBH
                                )
                                )
ALLEN E. HUNTER,                )
                                )
    Defendant                   )


## ORDER GRANTING MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE, DENYING MOTION TO APPOINT COUNSEL, AND RECOMMENDED DECISION AFTER 28 U.S.C. § 1915(e) SCREENING

This is the fifth and most recent case that Andrew Flood has filed in this court in the last several months pertaining to the revocation of his probation in January 2010.

This court has recently denied Flood 28 U.S.C. § 2254 habeas relief regarding the probation revocation, *see Flood v. Barnhart*, 1:11–cv–32–DBH, 2011 WL 2634103, at *1 (D. Me. July 5, 2011) (affirming recommended decision). I also entered an order and recommended decision on Flood's pleadings in a 42 U.S.C. § 1983 proceeding granting Flood's motion to proceed without prepayment of fees, denying his motion for appointment of counsel, and recommending that the case be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Flood v. Me. Dept. of Corrections*, 1:11–cv–205–DBH, 2011 WL 2160678, at *2 (D. Me. May 31, 2011) (recommended decision). In that action, after the issuance of the recommended decision, Flood requested a voluntary dismissal of the action without prejudice. *See* Motion to Withdraw the Complaint Without Prejudice, Docket No. 10. Flood also indicated that he did not want to incur the cost of the filing fee for the 11-cv-205 case, *id.* at 1, and Judge Hornby granted

the voluntary dismissal with a docket endorsement. Docket No. 11. On July 8, 2011, Flood filed a new 42 U.S.C. § 1983 action, *Flood v. Dept. of Corrections*, 1:11-cv-270-DBH, which remains pending. Two weeks thereafter, on July 22, 2011, Flood filed a new 28 U.S.C. § 2254 petition, and I recommended that the court dismiss that petition because Flood had not obtained an order authorizing a second or successive petition from the First Circuit Court of Appeals. *Flood v. Jones*, 1:11-cv-281-DBH. Judge Hornby adopted that recommended decision on August 29, 2011. Docket Nos. 2, 5.

I now address the pleadings in Flood's newest effort to have the federal court address a civil rights complaint regarding the probation revocation, his third such 42 U.S.C. § 1983 complaint. For the reasons that follow, I grant Flood's application to proceed *in forma pauperis*, but with the requirement that the fee be paid as funds become available, I deny the request for appointment of counsel, and I recommend that this 42 U.S.C. § 1983 complaint be dismissed.

## I. Discussion

### A. *In Forma Pauperis* Application

Flood, an inmate at Downeast Correctional Facility, Machiasport, Maine, seeks leave to proceed *in forma pauperis*. The application to proceed *in forma pauperis* has been completed and is accompanied by a certificate signed by an authorized individual from the institution. Docket No. 4. The certificate evidences that the applicant has $0.42 in his account as of August 9, 2011; that over the last six months the average deposits have been $37.50 and that the average monthly balance has been $4.12. The application is granted; however, pursuant to 28 U.S.C. § 1915(b)(1), Flood is required to pay the entire filing fee in this matter as funds become available. An initial partial filing fee is hereby assessed in the amount of $7.50. The initial partial filing fee shall be forwarded by the institution as soon as funds are available.

### B. Request for Appointment of Counsel

As Flood has previously been informed regarding his request for appointment of counsel, there is no absolute right to the appointment of *pro bono* counsel in a civil action. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). Flood has not demonstrated that his circumstances are so exceptional as to justify this court's intervention to find him an attorney that is willing to represent him on a *pro bono* basis. Accordingly, Flood's motion for appointment of counsel, Docket No. 5, is denied.

### C. 28 U.S.C. § 1915(e) Screening

My first 42 U.S.C. § 1983 screening recommendation was in *Flood v. Me. Dept. of Corrections*, 1:11–cv–205–DBH, 2011 WL 2160678, at *2 (D. Me. May 31, 2011), where I recommended that the action be dismissed as frivolous. In the instant 42 U.S.C. § 1983 complaint, Flood names only one defendant, Justice Allen E. Hunter of the Maine Superior Court, whom Flood alleges violated his rights under the color of his office.

Flood avers that, on February 25, 2008, he pled guilty to violating the terms of his probation in a proceeding before Justice Hunter. Flood contends that this plea was in exchange for no jail time but with the requirement of a drug counseling program as a condition of probation. Flood maintains that there was also an agreement that Flood could transfer his probation to Bangor, Maine, as he had an alleged interest in getting away from an alleged conflict with his probation and parole officer, William Love.

According to Flood, he was being treated by a doctor at Arnold Medical Center for substance abuse therapy and "Justice Hunter set precedent [*sic*] by allowing this treatment into court as a violation of probation[,] violating Maine Rules of Court 503, HIPPA, and 42 CFR Part 2, because he stated he disagreed with this treatment as therapeutic." Civil Rights Claim Under

the 5th[,] the 6th[,] and 14th Amendments ("Complaint") (Docket No. 1) ¶ 5. Officer Love allegedly called Flood's Bangor-based drug treatment class supervisor, James Bradney, and forbid him to allow Flood to continue in the program. Love felt that Flood's Bangor probation and parole officer was being too nice to Flood, and Love wanted Flood back in Washington County to be properly supervised.

With regard to Justice Hunter's alleged conduct, Flood states that, on February 9, 2009, he went before Justice Hunter and presented him with a letter from Bradney describing Love's behavior. He indicates that Justice Hunter "read the letter in open court and became furious that Flood would 'question anything that Love ordered[.]' 'If he order[s] you to jump your only response will be how high.'" Complaint ¶ 8. Flood complains that Justice Hunter then increased his original sentence of six years of probation to 10 years, which Flood claims was beyond the statutory maximum and was meant to punish Flood for the misconduct of Love. Flood further contends that Justice Hunter disallowed a request by Flood's counsel to cross-examine Love and stated: "'Love is a good man and I will not allow a drug addict to cross examine a[n] officer of this court.'" *Id.*

According to Flood, on October 26, 2009, during a scheduled appearance before Justice Hunter, Love escorted Flood out of the hearing to administer a urinalysis test. He brought Flood back into the hearing and indicated to Justice Hunter that Flood had failed this test two days earlier and that Love wanted Flood held on a probation hold pending the lab results on that day's test. Flood maintains that, on December 3, 2009, he was exonerated because the urine test returned a negative result. However, Flood continues,

> Justice Hunter declared "I don't care if the tests were negative or positive, Flood's had plenty of chances with me he's going back to prison." Further [Justice Hunter] goes on to say that Flood had missed the last 3 sessions of DSAT during his detention and will be held accountable.

4

Complaint ¶ 11.

On January 25, 2010, Flood asserts, he was forced to plead guilty to charges that he did not commit "under the threat of Justice Hunter." Complaint ¶ 13. He opines: "Under the duress and spect[e]r of a biased Judge and a mental disability at the hearing[,] Flood was robbed of his right to contest the charges." *Id.* Flood insists that it was a miscarriage of justice to receive a ten-year sentence – five years for the urinalysis test and five years for his failure to complete his drug treatment counseling.[1]

In setting forth his legal claims, Flood asserts that Justice Hunter violated his Fifth Amendment rights when he sentenced Flood to 10 years on an expired sentence without due process. He also asserts that Justice Hunter violated his Fourth Amendment rights when he revoked Flood's probation for substance abuse therapy and treatment. As for his Sixth Amendment rights, he asserts a continuing violation because Justice Hunter does not allow Flood access to the evidence used against him or the transcripts that would reveal Justice Hunter's alleged misconduct and has refused multiple requests for appointment of counsel. In addition, Flood contends that Justice Hunter has violated his equal protection and due process rights as guaranteed by the Fourteenth Amendment because Flood was singled out because he was being treated for substance abuse.

As to relief, Flood demands declaratory and injunctive relief that recognizes that his constitutional rights have been violated and a preliminary and permanent injunction ordering Justice Hunter to produce discovery, transcripts, and all exculpatory evidence or, in the alternative, to recuse himself if appropriate.

---

[1] Apparently, by his own admission, Flood has been filing "dozens of motion for production of discovery and transcripts at his expense" in the state court. Complaint ¶ 16. He blames Justice Hunter for not allowing him access to these documents. *Id.*

In my prior recommended decision in *Flood v. Me. Dept. of Corrections*, 1:11–cv–205–DBH, I wrote the following regarding the overlap of Flood's quest for 28 U.S.C. § 2254 relief and his attempts to invoke 42 U.S.C. § 1983:

> In this 42 U.S.C. § 1983 action, Flood reintroduces his same discontents with the revocation, now in the guise of a civil rights action. He wants to be released, and he seeks damages. However, Flood's claims in this civil rights action run squarely into the *Heck v. Humphrey,* 512 U.S. 477 (1994), bar on dispositions in civil rights suits that undermine the underlying validity of the challenged criminal judgment for which the defendant is still in custody. *See Jackson v. Vannoy,* 49 F.3d 175, 177 (5th Cir.1995) ("A judgment in favor of Jackson on his illegal seizure claim would necessarily imply the invalidity of the revocation of his probation and parole. It logically follows that *Heck* applies to Jackson's probation and parole revocation proceedings. Jackson has not demonstrated that his current sentence has already been invalidated. He does not allege that any revocation proceeding has been reversed, expunged, set aside by a state court, or called into question by a federal court's issuance of a writ of *habeas corpus.* Thus, Jackson's action is not cognizable under § 1983 at this time[.]") (footnote omitted).

*Flood*, 2011 WL 2160678 at *1. Flood's claims against Justice Hunter fall squarely within the *Heck* bar, and I recommend that they be dismissed for that reason.

In addition, this particular case against Justice Hunter also evinces an additional infirmity. As outlined above, Flood is challenging Justice Hunter's judicial decisions regarding the revocation proceeding. There is nothing in Flood's pleadings that would begin to suggest that Justice Hunter was not entitled to absolute judicial immunity for his actions in Flood's revocation case. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"); *see cf. Guzmán-Rivera v. Lucena-Zabala*, 642 F.3d 92, 99 (1st Cir. 2011) ("Here, the [Puerto Rico Examining Board of Accountants'] summary suspension of Guzmán's license was a grave and unacceptable procedural error. Nevertheless, the PREBA had

jurisdiction to revoke or suspend Guzmán's license and the members of the PREBA are therefore entitled to [absolute quasi-judicial] immunity.") (record citation omitted). For this reason as well, Flood's claims should be dismissed.

## II. Conclusion

For the foregoing reasons, I **GRANT** Flood's application to proceed *in forma pauperis* but with the requirement that the fee be paid as funds become available, I **DENY** the request for appointment of counsel, and I recommend that this 42 U.S.C. § 1983 complaint be dismissed.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of August, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge