# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| ANDREW P. FLOOD, | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | No. 1:11-CV-303-DBH |
| | ) | |
| ALLEN E. HUNTER, | ) | |
| | ) | |
| DEFENDANT | ) | |

## ORDER AFFIRMING RECOMMENDED DECISION
## OF THE MAGISTRATE JUDGE

On August 31, 2011, the United States Magistrate Judge filed with the court, with a copy to the plaintiff, his Order Granting Motion to Proceed Without Prepayment of the Filing Fee, Denying Motion to Appoint Counsel, and Recommended Decision After 28 U.S.C. § 1915(e) Screening. The plaintiff filed an objection to the Recommended Decision on September 14, 2011. I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision, and determine that no further proceeding is necessary.

I do not rely on the Magistrate Judge's judicial immunity analysis because the plaintiff insists that he is not seeking damages. But the Supreme Court decision in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), clearly governs.

Although that too was a damages lawsuit, the Court was clear that a prisoner simply has no cause of action under section 1983 "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." 512 U.S. at 489. It also equated a damages claim to an injunctive relief claim that challenged a conviction and said that neither was "cognizable under § 1983." Id. at 483.

Here, the plaintiff requests declaratory relief, injunctive relief and "any additional relief," all centered on the sentence a state judge imposed for the defendant's violation of probation. There simply is no cause of action under section 1983.

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**. The plaintiff's 42 U.S.C. § 1983 complaint is **DISMISSED**.

I also observe that this plaintiff has filed a multitude of claims in this court on this matter, all of which have been dismissed: Flood v. Barnhart, No. 1:11–cv–32–DBH; Flood v. Maine Dep't of Corr., No. 1:11–cv–205–DBH; Flood v. Maine Dep't of Corr., No. 1:11-cv-270-DBH; Flood v. Jones, No. 1:11-cv-281-DBH.

Accordingly, I place Andrew P. Flood on **NOTICE** that filing restrictions "may be in the offing." Cok v. Family Court of Rhode Island, 985 F.2d 32, 35 (1st Cir. 1993). This represents the "cautionary order" of which Cok speaks. Id. Groundless and inappropriate filings will not be tolerated.

SO ORDERED.

DATED THIS 23RD DAY OF SEPTEMBER, 2011

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**